IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| STEVEN ROSEBORO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:12-CV-362-MEF |
| | ) | [WO] |
| PIKE COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this *pro se* 42 U.S.C. § 1983 action on April 20, 2012. He is currently incarcerated at the Pike County Jail in Troy, Alabama, and files this complaint challenging the conditions of confinement at the jail to which he is subjected. Named as the sole defendant is the Pike County Jail.[1] Upon review of the complaint, the court concludes that dismissal of the complaint against the named defendant prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**I. DISCUSSION**

The Pike County Jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light

---

[1] By order entered April 24, 2012 Plaintiff was granted an opportunity to amend his complaint to identify as defendants those individuals personally responsible for the alleged denial of his constitutional rights and to describe with particular detail how the individuals named as defendants acted in violation of his constitutional rights. Plaintiff was cautioned that his failure to timely and properly comply with the directives contained in the April 24 order would result in a Recommendation that this action be dismissed. (*See Doc. No. 5.*) Plaintiff filed no response to the April 24 order.

of the foregoing, the court concludes that Plaintiff's complaint against the named defendant should be dismissed. *Id.*

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the Pike County Jail be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2. This case be DISMISSED prior to service of process.

It is further

ORDERED that the parties may file any objections to the said Recommendation on or before **June 5, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 24th day of May 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE